**Paul FEUERVERGER and Lily Feuerverger, Plaintiffs,**

**v.**

**HOBART CORPORATION, Defendant.**

**HOBART CORPORATION, Third–Party Plaintiff,**

**v.**

**RIVER MANOR HEALTH RELATED FACILITIES, Third–Party Defendant.**

**No. 89 CV 3649.**

United States District Court, E.D. New York.

June 5, 1990.

John Anthony Bonina and Associates, P.C., Brooklyn, N.Y. (Deborah Trerotola, of counsel), for plaintiffs.

Lester, Schwab, Katz & Dwyer (Saul Wilensky, Richard Adam Senzer, Steven B. Getzoff, New York City, of counsel to Thompson, Hine & Flory, Cleveland, Ohio), for defendant and third-party plaintiff.

Barry, McTiernan & Moore, New York City (Suzanne Halbardier, of counsel), for third-party defendant.

## MEMORANDUM and ORDER

BARTELS, District Judge.

Plaintiff Paul Feuerverger ("Feuerverger") brought this suit to recover damages for personal injuries allegedly sustained while he was feeding vegetables into a commercial food mixer manufactured by the defendant Hobart Corporation ("Hobart"). At the time of the accident Feuerverger was employed by River Manor Health Related Facilities ("River Manor"), the Third–Party Defendant in this action. The complaint[1] makes claims in negligence and strict products liability alleging both defective design and manufacture. Hobart's motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure is denied.

## FACTS

On the afternoon of December 8, 1986, while employed as a chef/kitchen helper at River Manor, Feuerverger sustained a partial traumatic amputation of the tips of the index, middle and ring fingers of his left hand. The accident occurred while he was in the process of loading vegetables into the hopper of a slicing attachment ("Attachment") that was connected to a model H600 commercial mixer ("Mixer") that was designed, manufactured and sold by Hobart. The Attachment, however, was neither designed, manufactured nor sold by Hobart, but rather, by an entity known as Intedge, which, for some reason was not made a party to this action.

There is also no dispute that Hobart specifically designed the Mixer to accept various accessories, including vegetable slicers such as the Attachment in question, by connection at an 'attachment hub'. In addition, the parties do not contend that either the Mixer or the Attachment was designed with an interlock mechanism, whereby, the Mixer could not operate when a piece of equipment was attached to the Mixer—such as a vegetable slicer—and the lid to the hatch was open.

Feuerverger alleges that prior to the accident he depressed the "STOP" (OFF) button located on the right side of the Mixer and, believing the machine was not operational, proceeded to pull a lever giving him access to the hatch area into which he loaded the vegetables in preparation for slicing. While in the process of filling the hatch Feuerverger further claims that he slipped on a wet spot on the kitchen floor thereby propelling his hand down into the hatch and into contact with the slicing blades, which were in motion.

## DISCUSSION

### I

The standard for granting summary judgment is well known. Only when it appears "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law" is summary judgment appropriately granted. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Lund's Inc. v. Chemical Bank*, 870 F.2d 840, 844 (2d Cir.1989); *Donahue v. Windsor Locks Bd. of Fire Comm'rs*, 834 F.2d 54, 57 (2d Cir.1987). Summary judgment will lie against the party who bears the burden of proof if that party "fails to make a showing sufficient to establish the existence of an element essential to that party's case …" *Celotex.* Moreover, in determining whether a genuine issue has been raised, a court must resolve all ambiguities and draw all inferences against the moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962) (*per curiam*); *Donahue*, 834 F.2d at 57; *Winant v. Carefree Pools*, 709 F.Supp. 57 (E.D. N.Y.), *aff'd*, 891 F.2d 278 (2d Cir.1989) (unpublished opinion). Last, while "summary judgment allows the Court to dispose of meritless claims before becoming entrenched in a frivolous and costly trial" … the Court is cautioned, however, that summary judgment must be "used selectively to avoid trial by affidavit." (Citations

---

**1.** This cause of action was originally filed in the Supreme Court of the State of New York, County of Kings and subsequently removed to this Court. The Court has original jurisdiction under 28 U.S.C. § 1332.

omitted). *Donahue,* 834 F.2d at 57; *Winant,* 709 F.Supp. at 59.

## II

■ "A cause of action in strict products liability lies when a manufacturer places on the market a product which has a defect that causes injury when used carefully and in the manner normally intended."[2] *Rainbow v. Albert Elia Building Co., Inc.,* 79 A.D.2d 287, 436 N.Y.S.2d 480, 482 (4th Dept.1981) *citing Codling v. Paglia,* 32 N.Y.2d 330, 345 N.Y.S.2d 461, 298 N.E.2d 622 (1973). Moreover, a component part manufacturer[3] is liable, either under the theory of negligence or strict liability, if it supplies a defective part which causes an accident. *Ayala v. V & O Press Co.,* 126 A.D.2d 229, 512 N.Y.S.2d 704, 707 (2d Dept. 1987). There is no controversy with respect to the fact that at the time of the accident the Mixer was being used carefully and in the manner that it was intended. Hobart argues that the injury was caused by the defective Attachment manufactured by Intedge and that the Mixer, which is only a component part of the assembled unit, was not defective. Hobart relies on the affidavit of its engineer who opined that the Mixer was reasonably safe and properly manufactured and that there was no defect of any kind. Hobart also relies on the deposition testimony of plaintiff's expert, an engineer, who opined that the accident would have occurred even if the Mixer was equipped with an interlock system.

In opposition to Hobart's motion, Feuerverger relies on another portion of his expert's deposition, wherein, he opined that the Mixer was defectively designed because (1) there was no interlock mechanism; (2) there was no visual indicator such as a light that would alert the operator that the machine was on; and (3) the "STOP" and "START" buttons are controlled by a spring load mechanism[4] thereby making it impossible to ascertain whether the Mixer is on or off merely by looking at the buttons.

■ Notwithstanding the apparent conflict in plaintiff's expert's testimony—that the Mixer was defectively designed because it lacked an interlock mechanism and that the accident would have occurred even if the Mixer did have such a feature—a genuine issue of material fact is raised. It is the jury's function to determine if, as this witness testified, the Mixer was defective because it lacked a visual indicator indicating that the machine was operational and/or because the "START" and "STOP" buttons operated on a spring load mechanism. Moreover, it is the jury's function to determine whether Feuerverger would have opened the hatch lid and begun loading the vegetables if these modifications, which would have more readily alerted him to the fact that the slicing blades were in motion, had been incorporated into the Mixer's design.

Hobart's reliance on *Ayala v. V & O Press Co.,* wherein the court found that a component part manufacturer was absolved of liability because the plaintiff failed to adduce any proof of a defect in the design or manufacture of the component part is misplaced. This is not the case at bar. Plaintiff has satisfied this burden by means of his expert's testimony that the Mixer's design was defective in at least two, possibly three, respects.

In arguing for summary judgment against plaintiff Hobart also contends that the Intedge Attachment, which was not equipped with an interlock mechanism, proximately caused plaintiff's injuries. "As a general rule, the question of proximate cause is to be decided by the finder of

---

2. The substantive law of the forum state governs in an action removed to federal court on the basis of diversity. *Erie Railroad v. Thompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

3. Plaintiff argues that whether Hobart is a component part manufacturer is a question of fact for the jury to determine. In light of its subsequent analysis, the Court need not resolve this issue at this time.

4. In layman's terms, a "spring load" design means that when the operator depressed either the STOP or START buttons the button automatically returned to its original position and did not remain depressed.

fact...." *Derdiarian v. Felix Contracting Corp.*, 51 N.Y.2d 308, 312, 434 N.Y. S.2d 166, 168, 414 N.E.2d 666, 668 (1980). To carry the burden of proving a *prima facie* case, the plaintiff must generally show that actions attributable to the defendant could be a substantial factor in producing the injury. *Derdiarian*, 51 N.Y.2d at 315, 434 N.Y.S.2d at 169, 414 N.E.2d at 669; *Nalan v. Helmsley–Spear, Inc.*, 50 N.Y.2d 507, 520–521, 429 N.Y.S.2d 606, 407 N.E.2d 451; *Mirabella v. Ross Industries, Inc.*, 694 F.Supp. 1046, 1050 (E.D.N.Y. 1988). While it is true that the accident occurred when Feuerverger's fingers came into contact with the rotating blades of the Attachment, the Attachment did not operate in a vacuum. Unless the Mixer was on and providing a power source for the Attachment it could not function. The defendant's failure to provide an illuminated dial or its equivalent and/or a non-spring load mechanism for the control buttons could have been a substantial factor in causing Feuerverger's injuries.

■ Finally, Hobart may not seek succor in the principle established in *Robinson v. Reed–Prentice Division of Package Machinery Co.*, 49 N.Y.2d 471, 479, 426 N.Y. S.2d 717, 403 N.E.2d 440 (1980), wherein, the court held that "[s]ubstantial modifications of a product from its original condition by a third party which render a safe product defective are not the responsibility of the manufacturer." Hobart purposefully designed the Mixer to accept various accessories, including the Attachment. Clearly, therefore, the addition of the Attachment to the Mixer can not be considered a modification. Moreover, plaintiff's expert has testified that the Mixer was defective independent of any defects in the design or manufacture of the Attachment.

### CONCLUSION

Hobart, in its motion for summary judgment, seeks to put the cart before the horse. Divested of the rhetoric Hobart's motion requires the Court to be a fact finder. The Court must decide if plaintiff's engineer, who testified that the Mixer was defective, is more credible than defendant's engineer, who testified that the machine was not defective. The Court can not usurp the jury's function, therefore, Hobart's motion for summary judgment is denied.

SO ORDERED.